FILED: October 22, 2009

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

No. 08-8513
(1:05-cv-00129-BEL)

———————————————

MICHAEL EDWARD KENNEDY, #35377-098,

Petitioner - Appellant

v.

MICHAEL P. ALLERA, United States Probation Service; WILLIAM S.
HENRY, United States Probation Service; EDWARD F. REILLY,
Chairman, United States Parole Commission; JOHN JOSEPH CURRAN,
JR., Office of the Attorney General; KATHRYN SEIFERT, Director,
Eastern Shore Psychological Services,

Respondents - Appellees

———————————————

J U D G M E N T

———————————————

In accordance with the decision of this Court, the judgment

of the District Court is affirmed.

This judgment shall take effect upon issuance of this

Court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 08-8513

———————

MICHAEL EDWARD KENNEDY, #35377-098,

            Petitioner - Appellant,

      v.

MICHAEL P. ALLERA, United States Probation Service; WILLIAM
S. HENRY, United States Probation Service; EDWARD F. REILLY,
Chairman, United States Parole Commission; JOHN JOSEPH
CURRAN, JR., Office of the Attorney General; KATHRYN
SEIFERT, Director, Eastern Shore Psychological Services,

            Respondents - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, Chief District
Judge. (1:05-cv-00129-BEL)

———————

Submitted: October 5, 2009          Decided: October 22, 2009

———————

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Paresh S. Patel, Staff
Attorney, Greenbelt, Maryland, for Appellant.    Rod J.
Rosenstein, United States Attorney, Larry D. Adams, Assistant
United States Attorney, Baltimore, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Edward Kennedy appeals the district court's denial of his 28 U.S.C. § 2241 (2006) petition and his motion for a temporary restraining order. On appeal, Kennedy asserts that the district court erred in finding that he was required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913(b) (2006); that he was unable to "initially register" under SORNA; that SORNA violates the Commerce Clause; the Attorney General violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 533(d) (2006), in retroactively applying SORNA without notice and a comment period; and that the United States Parole Commission violated the Tenth Amendment in forcing Kennedy to register in violation of Maryland law. We affirm.

I. Kennedy's registration under Maryland law

Under SORNA, "a sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). Kennedy first argues that, because Maryland law does not provide a means for him to register as a sex offender because his offense occurred out of state prior to 1997, he cannot comply with SORNA. Allera responds that, regardless of Maryland law, SORNA

2

requires him to register.    We review questions of statutory interpretation de novo.  United States v. Abuagla, 336 F.3d 277, 278 (4th Cir. 2003).

Kennedy's arguments are premised on the notion that Kennedy was not required to register as a sex offender under Maryland law.  However, a review of Maryland law indicates that, regardless of the requirements of Maryland's registry at the time Kennedy was released from prison, Kennedy is currently required to register as a sex offender under Maryland law.  The Code of Maryland requires the registration of "sexually violent offenders."  Md. Code Ann., Crim. P. § 11-704(a)(3) (LexisNexis 2008).  A sexually violent offender is defined, for purposes of the Maryland Code, as one who has been convicted of a sexually violent offense.  Md. Code Ann., Crim. P. § 11-701(j)(1) (LexisNexis 2008).  Among other definitions, the Code defines a sexually violent offense as a crime committed in another state that, if had been committed in Maryland, would constitute a crime specifically enumerated in the sex offender registration statute as one requiring registration.  Md. Code Ann., Crim. P. § 11-701(k)(3).

Kennedy was convicted of felony-murder and rape.  See United States v. Kennedy, 714 F.2d 968, 971 (9th Cir. 1983).  One of the specifically enumerated offenses requiring registration is first degree rape, which the Maryland Code

3

defines as engaging in nonconsensual vaginal intercourse with another by force, and suffocating, strangling, or inflicting serious physical injury while doing so. Md. Code Ann., Crim. L. § 3-303 (LexisNexis 2002); Md. Code Ann., Crim. P. § 11-701(k). Though Kennedy was convicted of the federal equivalent of first degree rape prior to the enactment of laws requiring the registration of sexually violent offenders in Maryland, the Maryland statute has been made retroactive "to include a registrant convicted of an offense committed before July 1, 1997, and who is under the custody or supervision of a supervising authority on October 1, 2001." Md. Code Ann., Crim. P. § 11-702.1(a) (LexisNexis 2008). Kennedy was convicted of rape prior to July 1, 1997, and was under parole supervision on October 1, 2001. Accordingly, because Kennedy is required to register as a sex offender under Maryland law, his first argument is without merit.

Similarly, Kennedy's argument that he was unable to "initially register" under SORNA is without merit, as he was required to do so under Maryland law. Under 42 U.S.C. § 16913(b),

The sex offender shall initially register --

(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

Part (d) of § 16913 gave the Attorney General the authority to specify the applicability of the initial registration requirement to sex offenders convicted before SORNA's implication. The Attorney General later issued a regulation retroactively applying SORNA's registration requirements to individuals, like Kennedy, who were unable to initially register, as they were convicted before SORNA's enactment. See 28 C.F.R. § 72.3. Though Kennedy asserts that this retroactive application still does not afford him a method by which to "initially register," this argument is without merit, as he is presently required to register by Maryland law. As we found recently in United States v. Gould, 568 F.3d 459, 466-67 (4th Cir. 2009), "a sex offender is able to register under SORNA if he is able to register by means of an existing state registration facility, even if he was released before SORNA was enacted." Therefore, this argument is without merit.


II. Commerce Clause

Kennedy next asserts that, if this court finds that "SORNA creates an independent federal mandate on individuals to register that is not dependent on state implementation of the Act," then SORNA unconstitutionally violates the Commerce

5

Clause, as it "regulates purely intrastate activity that does not substantially affect interstate commerce." However, we need not reach the issue of SORNA's Commerce Clause implications because Maryland law requires Kennedy to register.


III. Administrative Procedure Act

Kennedy next asserts that, if this court determines that SORNA requires Kennedy to register, the Attorney General violated the APA, by failing to provide notice and a comment period. Pursuant to 5 U.S.C. § 553(b), (d), proposed rules are required to be published in the Federal Register for at least thirty days prior to their effective dates, in order to give the public time to comment. Agencies can dispense with this notice "when the agency for good cause finds . . . that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b). When promulgating the retroactive application of SORNA, the Attorney General invoked this provision. 72 Fed. Reg. 8896. Again, as Kennedy has qualified his argument by stating that it only applies if this court determines SORNA requires him to register as a sex offender independently of Maryland, we do not reach this issue, as Kennedy was required to register under Maryland law.

IV. Tenth Amendment

Finally, Kennedy asserts that the United States Parole Commission lacked authority under the Tenth Amendment to force Kennedy to register in Maryland when such registration violated Maryland law. However, because Maryland law required Kennedy to register as a sex offender, this argument is wholly without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

FILED: October 22, 2009

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-8513,    Michael Kennedy v. Michael Allera
1:05-cv-00129-BEL

_____

NOTICE OF JUDGMENT

_____

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourtus.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the Court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the Court did not receive a voucher, forms and instructions are available from the Court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition

must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this Court, or another Court of Appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the Court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).